J-S48044-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| AUGUST A. RANALLI, | |
| Appellant | No. 2215 MDA 2013 |

Appeal from the PCRA Order December 4, 2013
in the Court of Common Pleas of York County
Criminal Division at No.: CP-67-CR-0001997-2007

BEFORE:  DONOHUE, J., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                **FILED SEPTEMBER 16, 2014**

Appellant, August A. Ranalli, appeals from the order denying his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46.[1]  Specifically, he claims an exception to the statutory time-bar under section 9545(b)(ii), for after-discovered facts.  We affirm.

On August 6, 2007, Appellant entered a plea of no contest at No. 0001997-2007, Count 2, to charges of possession (cocaine), possession with intent to deliver (PWID) (cocaine), and possession of drug paraphernalia.[2]

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Although the order was dated December 3, 2013, it was filed on December 4.  We have amended the caption accordingly.

[2] As part of the same negotiated plea, Appellant also entered a guilty plea to possession of a small amount of marijuana, false ID to law enforcement;
*(Footnote Continued Next Page)*

The court sentenced him to a term of not less than three nor more than six years' incarceration, with credit for time served.[3]   Appellant did not file a post-sentence motion or direct appeal.

On April 10, 2013, over five and a half years later, Appellant filed the instant PCRA petition, *pro se*.   The PCRA court appointed counsel, who continues to represent Appellant in this appeal.   Counsel did not file an amended petition.

At the PCRA hearing on October 23, 2013, Appellant testified that in 2012 he learned through a friend that one of the detectives who had investigated his case, Steven Crider, subsequently pleaded guilty to evidence tampering in several drug cases, including his own.   (*See* N.T. PCRA Hearing, 10/23/13, at 20 line 8).[4]   Appellant's counsel represented to the PCRA court that Crider entered his guilty plea on November 17, 2009,

*(Footnote Continued)* ————————————

theft by unlawful taking, and harassment.  (*See* N.T. Plea, 8/06/07, at 1-2). These guilty pleas are not at issue in this appeal.

[3] After sentencing Appellant to concurrent terms of probation on the remaining counts, and restitution of $25.00, the court closed the remaining cases. (*See* N.T. Plea, 8/06/07, at 6).

[4] In his brief, Appellant asserts that he learned of Detective Crider's conviction in March of 2013. (*See* Appellant's Brief, at 5 (citing N.T. PCRA Hearing, at 12 [which does not mention a year at all]).  The March 2013 date has the benefit of allowing Appellant to argue that he filed his petition within 60 days of learning about Detective Crider's conviction.  *See* 42 Pa.C.S.A. § 9545(b)(2) ("Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.").  Because we decide Appellant's appeal on other grounds, we need not resolve this apparent discrepancy.

and was sentenced on January 15, 2010. (*See id.* at 17).[5] Appellant claims the discovery of Crider's conviction as recently discovered evidence, an exception to the statutory time-bar.

At the PCRA hearing, Appellant maintained that, had he known of Crider's case, he would not have entered his plea. (*See id.* at 20, 22). Appellant explained that while incarcerated at SCI Cresson, he did not have access to newspapers, the Internet, or other sources of news. (*See id.* at 19-20). In effect, Appellant claimed that with limited access to news media he could not have discovered Detective Crider's arrest, guilty plea, and sentencing any earlier than he did through the exercise of due diligence.

In further explanation, Appellant presented a somewhat convoluted narrative to the effect that shortly before trial was scheduled to begin Detective Crider and his associate Detective Bixler approached Appellant in a back room, and conceded they had no evidence against him. (*See id.* at 23-24). Nevertheless, he maintained, they forced him to plead with threats

_____

[5] According to Appellant's PCRA counsel, Detective Crider pleaded guilty to numerous counts, including six counts of forgery (apparently of laboratory reports), not at issue here, six counts of tampering with or fabricating evidence, and six counts of possession of a controlled substance (a combination of cocaine, marijuana, and heroin). (*See* N.T. PCRA Hearing, 10/23/13, at 17). In connection with his guilty plea, Crider apparently admitted taking controlled substances from evidence lockers, including one for Appellant, and using the crack cocaine himself.

that if he did not, they would prosecute Nina Samuel, his then-girlfriend and the mother of his young child. (***See id.***).

On cross-examination by the prosecutor, and direct questioning by the PCRA court, Appellant held firm that he pleaded no contest to PWID and the related charges even though the police detectives informed him that they did not have a case against him. (***See id.*** at 24, 32, 34).

Although Appellant maintained that he entered his plea to protect Ms. Samuel, the record established that she was scheduled to be a witness for the prosecution who had originally informed on him and gave the police consent to search her house where the controlled substances were found. (***See id.*** at 26, 35-36).

After the hearing, the PCRA court denied the petition. (***See*** Order, 12/04/13). In a companion opinion to the order, the PCRA court explained that it dismissed the petition because it was untimely without a statutory exception to the time bar. (***See*** Opinion in Support of Order Dismissing Defendant's PCRA Petition, 12/04/13, at 8).

This timely appeal followed, on December 12, 2013.[6] Appellant filed a court-ordered statement of errors on December 20, 2013.[7] The PCRA court

_____

[6] Appellant filed an amended notice of appeal on December 17, 2013.

[7] Because we decide that the PCRA court and this Court lack jurisdiction to review the merits of Appellant's claim, we need not address whether his claim would also be waived for the vagueness of the boilerplate allegation raised in his Rule 1925(b) statement of errors.

filed a Rule 1925(a) opinion on December 27, 2013, referencing its Opinion in Support of Order filed December 4, 2013.  *See* Pa.R.A.P. 1925.

Appellant raises one question for our review on appeal:

Whether the [PCRA] [c]ourt erred in dismissing Appellant[']s PCRA petition as untimely?

(Appellant's Brief, at 4).[8]

Appellant concedes that he filed his petition "well after the one year deadline[.]" (*Id.* at 8).[9]  However, he claims an exception to the statutory time bar, (*see id.*), under 42 Pa.C.S.A. § 9545(b)(1)(ii) ("the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence").  We disagree.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's findings of fact, and whether the PCRA court's determination is free of legal error.  ***Commonwealth v. Phillips***, 31 A.3d 317, 319 (Pa. Super. 2011) (citing ***Commonwealth v. Berry***, 877 A.2d 479,

---

[8] For the benefit of counsel, we note that we could find Appellant's boilerplate question waived for vagueness.  ***See*** Pennsylvania Rule of Appellate Procedure 2116 ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby.") Pa.R.A.P. 2116(a).  However, we will address the issue of after discovered facts as suggested in his argument section in the interest of judicial economy.

[9] The court sentenced Appellant on August 6, 2007.  His judgment of sentence became final thirty days later when the time to file a direct appeal expired, on September 5, 2007.  Appellants then had one year, until September 5, 2008, to file a timely PCRA petition, unless he can plead and prove one of the statutory exceptions to the time-bar.  ***See*** 42 Pa.C.S.A. § 9545(b); (***see also*** PCRA Ct. Op., at 5).

482 (Pa. Super. 2005)), *appeal denied*, 615 Pa. 784, 42 A.3d 1059 (2012). A PCRA petitioner must establish the claim by a preponderance of the evidence. **Commonwealth v. Gibson**, 592 Pa. 411, 415, 925 A.2d 167, 169 (2007).

**Commonwealth v. Wantz**, 84 A.3d 324, 331 (Pa. Super. 2014).

"Questions regarding the scope of the statutory exceptions to the PCRA's jurisdictional time-bar raise questions of law; accordingly, our standard of review is *de novo*." **Commonwealth v. Chester**, 895 A.2d 520, 522 n.1 (Pa. 2006).

> [Our Supreme] Court has held that, for purposes of 42 Pa.C.S. § 9545(b)(1)(ii), information is not "unknown" to a PCRA petitioner when the information was a matter of public record. **See Commonwealth v. Lark**, 560 Pa. 487, 746 A.2d 585, 588 n.4 (2000) (holding that the Baldus-Woodworth study is not "newly discovered evidence" for purposes of the 42 Pa.C.S. § 9545(b)(1)(ii) because "the statistics which comprise the study were of public record and cannot be said to have been 'unknown' to Appellant"); **Commonwealth v. Whitney**, 572 Pa. 468, 817 A.2d 473, 476 (2003) (same). . . . Accordingly, the PCRA court properly determined that Appellant's argument under the "newly discovered evidence" exception fails.

**Id.** at 523 (footnote omitted).

Furthermore, "to constitute facts which were unknown to a petitioner and could not have been ascertained by the exercise of due diligence, the information must not be of public record and must not be facts that were previously known but are now presented through a newly discovered source." **Commonwealth v. Edmiston**, 65 A.3d 339, 352 (Pa. 2013), *cert. denied*, 134 S. Ct. 639 (2013); **see Commonwealth v. Aponte**, 855 A.2d 800, 811 (Pa. 2004), *cert. denied*, 543 U.S. 1063 (2005) (noting prior

conviction is objective fact that becomes matter of public record); *see also Commonwealth v. Palmer*, 814 A.2d 700, 708 (Pa. Super. 2002), *appeal denied*, 832 A.2d 436 (Pa. 2003), *abrogated on other grounds by Commonwealth v. Bennett*, 930 A.2d 1264, 1271 (Pa. 2007) (criminal complaint and warrant for arrest were public records). "[M]atters of public record are not unknown." *Commonwealth v. Taylor*, 67 A.3d 1245, 1248 (Pa. 2013) (finding that cases which were docketed, filed with clerk of court, and readily available did not present newly-discovered evidence; PCRA court properly found petition untimely).

Here, there is no dispute that Detective Crider's guilty plea and sentencing were matters of public record. Therefore, they cannot be considered "unknown" for purposes of claiming the benefit of the after discovered evidence exception to the PCRA time-bar. Moreover, his arrest was well-publicized in local news media (as established by the Commonwealth's exhibits), and cannot be claimed, years later, as an after discovered fact or evidence justifying an exception to the PCRA time-bar.

Additionally, Appellant argues that he was abandoned by counsel, analogously to the appellant in *Bennett*, *supra*. (*See* Appellant's Brief, at 9). This issue is not raised or fairly suggested by Appellant's boilerplate question. Accordingly, it is waived. *See* Pa.R.A.P. 2116 ("No question will be considered unless it is stated in the statement of questions involved or is

fairly suggested thereby.") Pa.R.A.P. 2116(a). Moreover, Appellant's reliance on **Bennett** is misplaced.

In **Bennett**, our Supreme Court decided that the appellant was entitled to a narrow exception from the statutory time-bar because his counsel had abandoned him by failure to file a requested brief on direct appeal, which the Court considered the functional equivalent of having no counsel at all. **See Bennett**, **supra** at 1273-74. Here, there is no suggestion in the record of any such dereliction by defense counsel. Therefore, the holding in **Bennett** is not pertinent to our review.

Instead, Appellant merely proposes, without citation to any authority whatsoever, that even after his guilty pleas and *nolo* plea both the Public Defender's Office and the District Attorney's Office still had some otherwise unspecified affirmative duty to notify him that "his evidence **could** have been effected [sic] by Detective Crider." (Appellant's Brief, at 9) (emphasis added). Appellant fails to develop this claim or support it with citation to pertinent authority. Appellant's claim would be waived. **See** Pa.R.A.P. 2119(a), (b).[10]

_____

[10] Moreover, it would not merit relief. **See Chester**, **supra** at 523 (finding defense counsel's arrest for DUI was matter of public record and, therefore, could not be said to have been "unknown" to appellant for purposes of PCRA's "newly discovered evidence" exception to PCRA's one year jurisdictional time-bar).

The PCRA court properly concluded that Appellant's petition was untimely filed with no exception to the statutory time-bar proven.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/16/2014